In re HATCHER.

No. 486.

(District Court, W. D. Texas, Waco Division.   May 28, 1906.)

BANKRUPTCY—COSTS OF 'ADMINISTRATION—NOTICE OF APPLICATION FOR DIS-
    CHARGE.
        A bankrupt who advances the money necesary to pay for the issuance
    and publication of notices of his application for discharge is entitled,
    under General Orders No. 10, to repayment of the same out of the estate
    as part of the costs of administration.

In Bankruptcy.   On petition for review of order of referee.

Hatcher was adjudged bankrupt upon the petition of creditors.   In due season he filed his application for discharge and paid the sum of $5.45 for the issuance and publication of necessary notices of the proceeding.   For the sum thus paid, covering the issuance and publication of notices to creditors, he claims reimbursement.   The claim was denied by the referee in an order of which the following is a copy: "On this day the petition of the bankrupt, for the allowance to him of the costs of issuing and publishing the notices required to be issued on applications for discharge, having been by me examined and fully considered, and being of opinion that such charge, being one solely for the benefit of the bankrupt, is not such a charge as the law contemplates shall be allowed to said bankrupt out of the bankrupt estate, it is therefore ordered that the application for the allowance of such charge be and the same is hereby in all things refused."   The bankrupt seasonably filed a petition to review the order, in which it is claimed that the action of the referee was erroneous for the following reason: "That such order was and is erroneous, in that it refuses to allow to this bankrupt the cost of the issuance and the publication of notices required under the law upon applications for discharge in bankruptcy; the bankrupt having theretofore turned over all of his assets and property to the trustee herein, and being entitled, under the law, to such notices as are required by law to have his application for discharge herein considered and acted upon by the court."

Sleeper & Kendall, for bankrupt.

MAXEY, District Judge (after stating the facts).   Upon the subject of notices to creditors, it is provided by section 58 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), among other things, as follows:

"Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterwards filed with the papers in the case by the creditors, unless they waive notice in writing, of  *  *  *  (2) all hearings upon applications for the confirmation of compositions for the discharge of bankrupts."

Form 57 (89 Fed. lvii; 32 C. C. A. lxxxi), promulgated by the Supreme Court, as well as the order adopted by this court, requires (1) that notices of the hearings, upon applications for discharge, shall be published in a newspaper, etc.; and (2) that the "clerk shall send by mail to all known creditors copies of the petition and the order, addressed to them at their places of residence as stated."   By section 64 of the act of bankruptcy (30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), it is provided that:

"The debts to have priority, except as herein provided, and to be paid in full out of the bankrupt estates, and the order of payment shall be  *  *  *  (3) the cost of administration," etc.

And General Order No. 10 of the Supreme Court (89 Fed. vi; 32 C. C. A. xiii) provides:

"Before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as part of the cost of administering the same."

From an examination of the act of bankruptcy and the orders of court it thus appears: (1) That costs of administration are payable out of the bankrupt's estate; (2) notices must be given to creditors of hearings upon applications for the discharge of bankrupts; (3) notices so required to be given must be published in a newspaper and sent by the clerk through the mails to creditors; and (4) moneys advanced by the bankrupt to the referee, clerk, and marshal for the publication and mailing of notices shall be repaid him out of the estate as part of the costs of administration. The application for discharge and the issuance, publication, and mailing of notices to creditors, upon the application, constitute a step, and one of extreme importance to the bankrupt, in the administration of the estate. That notices of the hearing of the application for discharge in the present case were legally issued and published is not denied. The cost of the notices was advanced by the bankrupt; and General Order No. 10, quoted above, requires the money so advanced to be repaid him out of the estate.

It follows that the referee erred in passing the order complained of, and the same should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed. And it is so ordered.